IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY ESQUIBEL,

    Plaintiff,

v.                                                            No. 2:17-cv-00248 MCA-GBW

DEPARTMENT OF CORRECTIONS,
JOSEPH GARCIA, *Warden,* WNMCF,
PETE PEREZ, *Deputy Warden,* WNMCF, and
GREGG MARCANTEL, *New Mexico Corrections Secretary,*

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING COMPLAINT

**THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff Gary Esquibel's civil rights complaint [Doc. 1]. Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis*. For the reasons set out below, the Court will dismiss the complaint without prejudice and grant Plaintiff 30 days from the entry of this Order to file an amended complaint.

**Standards Governing *Sua Sponte* Review**

The Court has discretion to dismiss an *in forma pauperis* complaint *sua sponte* under § 1915(e)(2) "at any time if … the action … is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint

that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals" of a cause of action and conclusory allegations, without more, do not suffice. *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, … confusion of various legal theories, … poor syntax and sentence construction, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

**BACKGROUND**

Plaintiff challenges the conditions of his confinement at the Western New Mexico Correctional Facility ("WNMCF"). The Court assumes the following facts taken from Plaintiff's complaint are true.

For six months, Plaintiff was housed with another inmate in a cell designed for one. [Doc. 1, p. 3]. His cell did not have air conditioning, heating, or sufficient plumbing. *Id.* As a result of the "double-bunking," Plaintiff experienced post-traumatic stress disorder, anxiety, and severe depression. *Id.* The overcrowding also caused increased tension among inmates and staff. *Id.* Plaintiff witnessed many fights and received three misconduct reports for verbal abuse, interfering with the taking of count, and disobeying a lawful order. *Id.* The Department of

Corrections, Gregg Marcantel, Joseph Garcia, and Pete Perez authorized the double-bunking in violation of state and federal inmate housing requirements. *Id*.

Plaintiff seeks unspecified money damanges against those actors pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments. [Doc. 1, p. 2].

**ANALYSIS**

The Eighth Amendment requires prison officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). To demonstrate prison conditions amount to cruel and unusual punishment, the alleged deprivation must be objectively serious, and the prison official must "have a sufficiently culpable state of mind." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir.1998) (quotations omitted) (setting out the two-part test).

Plaintiff's allegations are too conclusory to demonstrate either component of a valid conditions of confinement claim. "[H]ousing two inmates in a cell designed for one does not, without more, violate the Eighth Amendment." *Stevenson v. Whetsel,* 52 Fed. App'x 444, 446 (10th Cir. 2002) (unpublished) (citing *Rhodes* 452 U.S. at 348). The arrangement must threaten the inmate's safety or "lead to deprivations of essential food, medical care, … sanitation … or other conditions intolerable for prison confinement." *Rhodes,* 452 U.S. at 348. Plaintiff's allegations describe the double-bunking as uncomfortable, but not inhumane. *See DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001) ("[A] prisoner must show that conditions were more than uncomfortable," but instead impacted health or safety).

Further, the allegations regarding heating and cooling failures give "no objective indication that the [temperature] was so severe as to pose a substantial risk of serious harm." *Rocha v. CCCF Admin.,* 408 Fed. App'x 141, 144 (10th Cir. 2011) (unpublished). The

3

complaint must describe "the severity of the [temperature], its duration, whether he [or she] had alternative means to protect … from the [temperature], and the adequacy of such alternatives." *Id.* (internal quotations omitted). Plaintiff's bare assertion that the cell contained "insufficient plumbing" is similarly deficient. *See Moore v. Trapp,* 1991 WL 65074, * 2 (10th Cir. 1991) (unpublished) (affirming the dismissal of a complaint alleging "plumbing problems" because plaintiff didn't describe "the foul involved, who was involved, and when and where it took place"). Finally, even if the conditions were actionable, Plaintiff has not alleged the defendants "kn[e]w of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The Court will dismiss Plaintiff's complaint without prejudice because it fails to state a claim under § 1983 or the Eighth Amendment. Plaintiff may file an amended complaint within 30 days of entry of this order. When naming the defendants, he should bear in mind that he cannot prevail on a § 1983 claim against the New Mexico Department of Corrections, the prison, or any other entity. "[S]ection 1983 requires the deprivation of a civil right by a 'person' acting under color of state law," and state-operated detention facilities do not qualify. *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Buchanan v. Okla.*, 398 Fed. App'x 339, 342 (10th Cir. 2010) (unpublished). Further, to the extent Plaintiff wishes to proceed against supervisory personnel, he must allege facts demonstrating personal involvement in the alleged constitutional violations by identifying the "specific policies over which [the] defendants possessed responsibility." *Pahls v. Thomas,* 718 F.3d 1210, 1226 (10th Cir. 2013). *See also Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010) ("A plaintiff may … succeed in a § 1983 suit against a defendant-supervisor by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2)

caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation.").

If Plaintiff declines to timely file an amended complaint or files an amended complaint that similarly fails to state a claim, the Court may dismiss the case with prejudice and without further notice.

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's civil rights complaint [Doc. 1] is **DISMISSED without prejudice** pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may granted.

**IT IS FURTHER ORERED** Plaintiff may file an amended complaint within 30 days of entry of this order.

_____
UNITED STATES DISTRICT JUDGE