IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY ESQUIBEL,

    Plaintiff,

v.                                                             No. 2:17-cv-00248 MCA-GBW

DEPARTMENT OF CORRECTIONS,
JOSEPH GARCIA, *Warden,* WNMCF,
PETE PEREZ, *Deputy Warden,* WNMCF, and
GREGG MARCANTEL, *New Mexico Corrections Secretary,*

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff Gary Esquibel's civil rights complaint [Doc. 1]. Plaintiff is incarcerated, appears *pro se*, and is proceeding *in forma pauperis.* For the reasons set out below, the Court will dismiss the complaint for failure to state a claim and failure to prosecute. The Court will also impose a "strike" under 28 U.S.C. § 1915(g).

On February 21, 2017, Plaintiff filed a civil rights complaint challenging the conditions of his confinement at the Western New Mexico Correctional Facility ("WNMCF"). The complaint alleges Plaintiff was housed with another inmate in a cell designed for one. [Doc. 1, p. 3]. The cell did not have air conditioning, heating, or sufficient plumbing. *Id.* According to Plaintiff, the arrangement caused increased tension among inmates. He also purportedly experienced post-traumatic stress disorder, anxiety, and severe depression as a result of the overcrowding. *Id.* The complaint seeks unspecified money damages against Defendants pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments. [Doc. 1, p. 2].

By a Memorandum Opinion and Order entered June 20, 2017 [Doc. 7], the Court dismissed the complaint *sua sponte* for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (Courts may *sua sponte* dismiss an *in forma pauperis* complaint "if … the action … fails to state a claim upon which relief may be granted."); 28 U.S.C. § 1915A(b) (same). Specifically, Plaintiff's allegations were too conclusory to demonstrate an objectively serious constitutional deprivation or that the prison officials had a "sufficiently culpable state of mind." *Craig v. Eberly,* 164 F.3d 490, 495 (10th Cir.1998) (quotations omitted). The Court noted, for example, that allegations regarding double-bunking must demonstrate the arrangement led to "deprivations of essential food, medical care, … sanitation … or other conditions intolerable for prison confinement." *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981). The Court also cited several Tenth Circuit cases describing the level of detail required to state a claim based on plumbing, heating, or cooling deficiencies. *See, e.g., Rocha v. CCCF Admin.,* 408 Fed. App'x 141, 144 (10th Cir. 2011) (unpublished) (The complaint must describe "the severity of the [temperature], its duration, whether he [or she] had alternative means to protect … from the [temperature], and the adequacy of such alternatives."); *Moore v. Trapp,* 1991 WL 65074, * 2 (10th Cir. 1991) (unpublished) (affirming the dismissal of a complaint alleging "plumbing problems" because plaintiff didn't describe "the foul involved, who was involved, and when and where it took place").

Consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), Plaintiff was given thirty days (*i.e.,* until July 20, 2017) to amend his complaint to cure the pleading defects. The Court advised that if he failed to timely file an amended complaint, the case could be dismissed with prejudice and without further notice. Plaintiff did not file an amended complaint or otherwise respond to the Memorandum Opinion and Order. This action will therefore be

dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim on which relief may be granted.

Such dismissal counts as a strike under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). *See Hafed v. Bureau of Prisons,* 635 F.3d 1172, 1176-77 (10th Cir. 2011) (holding that dismissal of an action as frivolous, malicious, or for failure to state a claim under § 1915(e)(2)(B) counts as a strike under § 1915(g)). The Court notifies Plaintiff that if he accrues three strikes under the PLRA, he may not proceed *in forma pauperis* in civil actions before the federal courts unless he is under imminent danger of serious physical injury. *See* § 1915(g).

For the foregoing reasons, **IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) for failure to state a claim on which relief may granted; and judgment will be entered.

**IT IS FURTHER ORERED** that a strike is **IMPOSED** against Plaintiff Gary Esquibel under 28 U.S.C. § 1915(g).

_____
CHIEF UNITED STATES DISTRICT JUDGE